# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| JOSHSTAVIE WATERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV623-008 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

The Court recently directed *pro se* petitioner Joshstavie Waters to file a Second Amended Petition because, although he alleged state collateral proceedings that undermined the Court's prior finding that his Petition is untimely, he failed to name his present custodian as respondent. *See* doc. 12. After the Court entered that Order, the Clerk received an Objection to the now-vacated Report and Recommendation, doc. 13, and an "Amended Petitioner [sic] and Brief on Support," doc. 14. The "Amended Petitioner" is, like the original petition, not submitted on the required form. *See generally* doc. 14; *see also, e.g.,* doc. 5 at 1-2 (citing

Rule 2(d), Rules Governing Section 2254 Cases). The Court enters this Order to clarify its instructions to Waters.

First, since the prior Report and Recommendation that his Amended Petition be dismissed as untimely was vacated, *see* doc. 12 at 2, his Objection to that recommendation is moot.[1] Doc. 13. Since the "Amended Petitioner," which the Court construes as the Second Amended Petition, both names the State of Georgia as the respondent and is not presented on the required form, *see generally* doc. 14, it is not sufficient to comply with the Court's instruction, *see* doc. 12 at 3-4. To be absolutely clear: Waters must submit a Third Amended Petition, naming his present custodian as respondent and presented on the required form. He is **DIRECTED** to submit that Third Amended Petition no later than May 12, 2023. The Clerk is **DIRECTRED** to include another copy of Form AO 242 (Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254) along with this Order for Waters' convenience. He is again advised that failure to amend within the time permitted, or failure to **fully**

---

[1] Although styled as an objection to the Report and Recommendation, the document appears to quote long sections of a transcript in support of at least one of the grounds for relief asserted. *See generally* doc. 13. Since the objection is moot, the Court does not consider its merits.

2

comply with the above instructions, will result in a recommendation of dismissal. *See, e.g.,* Fed. R. Civ. P. 41(b); *Retic v. United States*, 215 F. App'x 962, 965 (11th Cir. 2007); *Wilson v. Sec'y, Fla. Dept. of Corrs.*, 2022 WL 17176707, at *2 (11th Cir. Nov. 23, 2022) (dismissal of § 2254 petition, with prejudice, "for failure to comply with . . . clear orders" was not abuse of discretion).

**SO ORDERED**, this 19th day of April, 2023.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia