# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JOSHSTAVIE WATERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV623-008 |
| ) | |
| JERMAINE WHITE, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Joshstavie Waters challenges his 2013 conviction in the Superior Court of Jenkins County, Georgia for malice murder, armed robbery, two counts of aggravated assault, and second-degree arson. *See* doc. 18. Respondent has responded to the Petition, doc. 38, and moved to dismiss it as untimely, doc. 39. Consistent with his, charitably, unorthodox filings in this case,[1] Waters has submitted

---

[1] Since the Court ordered Respondent to respond to Waters' Petition, *see* doc. 20, Waters has filed numerous documents, variously titled, that assert various defects in the underlying conviction, *see, e.g.,* doc. 23 (document titled "Grounds for Amended Petition Authority and Citation in Support), doc. 27 (titled "Brief in Support for Fourth Amended Petition and Supported Facts"), doc. 37 (titled "Brief in Support of Motion for Sentence Reduction Modification"). Since, as discussed below, Waters' Petition is untimely, the defects he alleges in those documents are irrelevant. The Court has reviewed all of Waters' filings and has discerned nothing relevant to the timeliness of his Petition, other than the documents cited below. Among those filings is a document titled "Request for Jackson-Denno Hearing," which the Clerk has docketed as a motion. *See* doc. 29. Since that document, in fact, challenges the

1

documents that do not obviously respond to the substance of Respondent's Motion. *See generally* doc. 41 (titled "Brief in Support of Motion for Sentence Modification," invoking O.C.G.A. § 17-10-01), doc. 42 (asserting trial court erred by failing to hold a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), before permitting Waters to proceed *pro se*), doc. 43 (titled "Brief in Support of Motion for Sentence Reduction," invoking O.C.G.A. § 17-10-01). Respondent's Motion is, therefore, effectively unopposed.

Waters was found guilty of murder, armed robbery, aggravated assault with intent to rob, aggravated assault with a deadly weapon, and second-degree arson, on April 19, 2013. Doc. 40-2. In 2017, the Georgia Supreme Court found that "[n]o timely motion for new trial was filed," and two motions, filed in 2014 and 2017, respectively, "do not toll the time for filing a notice of appeal," and dismissed his appeal. Doc. 40-3. He filed a state habeas petition on July 6, 2022. Doc. 40-4 at 1. Respondent reports that the state habeas case remains pending. Doc. 39-1 at 2. In 2022, the trial court dismissed an "Extraordinary Motion for

---

propriety of evidence introduced at his trial, *see* doc. 29 at 2-5, and no such hearing is proper in a habeas proceeding, his Motion is **DISMISSED** as moot. Doc. 29.

2

Out-of-Time Appeal," and the Georgia Supreme Court dismissed his appeal. *See* doc. 40-5. Although Waters' Petition alleges that he appealed his conviction, the dates of the alleged appeals correspond to the motions identified by the Respondent. *See* doc. 18 at 2.

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by

filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Respondent explains that, since Waters did not file a notice of appeal, his conviction, filed on April 26, 2013, became final on May 28, 2013.[2] Doc. 39-1 at 4-5 (citing O.C.G.A. § 5-6-38); *see also, e.g., Anaya v. Sec'y, Fla. Dept. of Corrs.*, 2021 WL 4704638, at *2 (11th Cir. Sept. 24, 2021). The one-year clock ran out no later than May 28, 2014. Waters' currently-pending state petition was filed in 2022, years after the one-year period expired. It, therefore, "cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259. Since the motions for new trial

---

[2] As discussed above, Waters does not meaningfully dispute Respondent's calculations. Since his Petition alleges that his conviction was entered on April 19, 2013, doc. 18 at 1, the Respondent's calculation favors Waters.

that Waters apparently filed in 2014 and 2017 were dismissed as untimely, they were not "properly filed," and, therefore, do not affect the running of the statute of limitations on Waters' federal petition. *See, e.g., Savior v. Laughlin*, 2017 WL 5147629, at *3 (S.D. Ga. Sept. 28, 2017) ("extraordinary motion for new trial" dismissed as untimely did not toll the limitations period under § 2244(d)(2)).[3] Waters' Petition is, therefore, untimely.

Although neither the Respondent nor Waters raise the issue, it is possible for an otherwise out-of-time petition to be timely if the petitioner is entitled to equitable tolling. *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition."

---

3 Even if those motions *could* toll the limitations period, they were not "pending" after August 28, 2017, when the Georgia Supreme Court concluded they were not properly filed. *See* doc. 40-3. Although it is unclear from the record when Waters filed the "Extraordinary Motion for Out-of-Time Appeal," that was denied by the trial court in 2022, the Georgia Supreme Court concluded that that motion "was not an authorized remedy, and . . . [dismissed his appeal] because no cognizable appeal lies from the dismissal of a motion that the law does not recognize." Doc. 40-5 at 2. "[A] motion that the law does not recognize," is obviously not "a properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2). Whenever it was filed, therefore, it could not affect the running of the statute of limitations on Waters' federal petition.

5

*Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Florida Dept. of Corrs.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. [Cit.] Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *see also, e.g., Vahlkamp v. Sec'y, DOC*, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022). Although Waters' Petition includes allegations concerning the conduct of counsel, they are conclusory, at best.[4] Waters has, therefore, not borne his burden to justify any entitlement to equitable tolling.

---

[4] Waters' response to the form petition's question concerning timeliness states, unedited and *in toto*: "appellate counsel never withdrew his self off my case. Before appellate counsel In 2014 Trial counsel moved to withdraw as counsel; However no order has been made with regard to to [sic] Mr. Banks motion on May 7, 2014 and the record still shows that I'm represent by James S.V. Weston Appellate counsel. Thus, unable to represent myself wherefore All motion I filed was dismissed." Doc. 18 at 13-14. Waters does allege that Banks represented him at trial and sentencing, *id.* at 13, but he never lists Weston among the attorneys who represented him, and he has responded "N/A" to the form's question about the identity of appellate counsel.

6

Accordingly, the Respondent's Motion to Dismiss should be **GRANTED**. Doc. 39. Waters' Petition should be **DISMISSED** as untimely. Doc. 18. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 23rd day of January, 2024.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA