UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JOSHSTAVIE WATERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV623-008 |
| | ) |
| JERMAINE WHITE, | ) |
| | ) |
| Respondent. | ) |

ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 45), to which objections have been filed. Accordingly, the Report and Recommendation is ADOPTED. Respondent's Motion to Dismiss is GRANTED. (Doc. no. 39.) Waters' Petition, as amended, is DISMISSED.

Waters' objections to the Magistrate Judge's Report and Recommendation are, like many of his filings, somewhat ambiguous. The first document he filed in response to the Report and Recommendation alleges that his counsel provided ineffective assistance during his direct appeal. (Doc. no. 46 at 2-3.) Based on that allegation it requests an "out of time appeal," citing to Georgia law. (Id. at 3.) He then filed a document titled "Brief in Support for Motion for Out of Time Appeal." (Doc. no. 47 at 1.) That document reiterates his assertion that his counsel provided ineffective assistance and cites to Georgia's habeas statute and a Georgia Supreme Court opinion concerning out-of-time appeals. (Id. at 2-3.) The Magistrate Judge considered the possible implications of Waters' request for an out-of-time appeal and concluded "it could not affect the running of the statute of limitations on Waters' federal petition." (Doc. no. 45 at 5 n. 3.) Moreover, this Court

cannot provide Waters with an out-of-time appeal as a remedy, pursuant to § 2254, even supposing that his arguments in favor of that relief were meritorious. See, e.g., Edwards v. Warden, 2023 WL 3105121, at *1 (S.D. Ga. April 26, 2023) ("To the extent [Petitioner] wishes to file an out of time appeal . . . , he should seek relief from the courts of the State of Georgia, not this Court."). Waters' Objections, therefore, are OVERRULED. (Docs. nos. 46 & 47.)

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court DENIES a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Proceedings.

Upon the foregoing, the Court CLOSES this civil action.

ORDER ENTERED at Augusta, Georgia, this 20th day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA